PER CURIAM:
Claimant brought this action to recover for damages to her 1998 Pontiac Firebird which occurred when claimant was traveling on County Route 31 in Barboursville, Cabell County, and her vehicle struck a large hole in the road. Respondent maintains County Route 31 in Cabell County. The Court is of the opinion to make an award to claimant for the reasons set forth herein below.
On March 17,2001, claimant was traveling on County Route 31 proceeding to the Huntington Mall when she came upon an unusually large hole in the pavement. Claimant did not see the hole as she was in a curve and, according to claimant, there were “shavings” of material in front of the hole which obscured it from her view and the hole was filled with water. Claimant’s vehicle went into the hole causing damage thereto in the amount of $730.00. Claimant testified that she had not traveled this route for several weeks; that she was unaware of the hole on County Route 31; and that she did not observe any warning signs to alert her to the condition of the pavement on County Route 31.
Claimant’s mother, Cheri Christian, testified that she went to the scene of claimant’s accident two days later to measure the hole. She stated that the hole measured 110 inches long, 48 inches wide, and 10 inches deep. It was filled with water when she saw it. She immediately went to respondent’s headquarters to report this condition on County Route 31.
Respondent did not offer any evidence to rebut claimant’s allegations about the conditions existing on County Route 31.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986). The Court is of the opinion that a hole of this size and in its location on County Route 31 could not have developed in a short period of time without respondent’s knowledge. Therefore, the Court has determined that respondent had constructive notice of the hazardous condition on County Route 31 on the date of claimant’s accident; that respondent was negligent in its maintenance of County Route 31 which negligence was the proximate cause of claimant’s accident resulting in the damages to her vehicle; and that the claimant may make a recovery in this claim.
Accordingly, the Court is of the opinion to and does make an award to claimant in the amount of $730.00.
Award of$730.00.